Ehson Salaami, Esq. (SBN: 265717)
ehson@mincal.com
Amir Vafaei, Esq. (SBN: 259406)
amir@mincal.com
**MinCal Consumer Law Group**
1630 Copa De Oro Drive, Suite A
San Diego, CA 92037
Telephone:   (888) 678-5550
Facsimile:   (888) 678-6885

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Laura H. Hopkins<br><br>                     Plaintiff,<br><br>v.<br><br>CMRE Financial Services, Inc., and North Coast Pathology Medical Group, Inc. | Case No.:  '11CV1106 H    CAB<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Laura H. Hopkins, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of CMRE Financial Services, Inc., and North Coast Pathology Medical Group, Inc., ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. For the purpose of this Complaint, unless otherwise indicated, "Defendant(s)" includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims, pursuant to 28 U.S.C. § 1367 and Rule 18(a) of the Federal Rules of Civil Procedure.

10. Venue is proper in this Court because a substantial part of the claim arose in California, and Defendants do business within the State of California.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Vista, County of San Diego, State of California.

13. Plaintiff is a "consumer," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

14. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h), in that she is a natural person from whom the defendants sought to collect a consumer debt alleged to be due and owing.

15. Defendant CMRE Financial Services, Inc., (hereinafter "CMRE"), is a corporation operating from an address of 3075 E. Imperial Hwy., Ste. 200, Brea, California, 92821.

16. Defendant North Coast Pathology Medical Group, Inc., (hereinafter "NCPMG"), is a corporation operating from an address of 910 W. San Marcos, Ste. 104, San Marcos, California, 92078.

MINCAL CONSUMER LAW GROUP
San Diego, California

17. Defendant CMRE is a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6). See, e.g., *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 228 (4th Cir. 2007).

18. Defendant CMRE and Defendant NCPG are each a "debt collector" within the meaning of Civil Code § 1788.2(c), in that Defendants regularly and in the ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection with the collection of consumer debts, and that none of the Defendants are an attorney nor counselor at law.

19. The alleged debt which the Defendants attempted to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

**FACTUAL ALLEGATIONS**

20. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

21. At all times relevant, Defendants conducted business within the State of California.

22. On or before March 17, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely, a medical debt with Defendant NCPMG.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. On or about March 29, 2010, Plaintiff received a statement from Defendant NCPMG claiming Plaintiff owed approximately $337.25 on her account.

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

27. On or about March 31, 2010, Plaintiff called Defendant NCPMG and disputed her account balance.  Plaintiff informed Defendant NCPMG that Plaintiff's insurance carrier, Aetna, had informed Plaintiff that her patient responsibility for the statement was only $57.90, not $337.25.  Defendant NCPMG told Plaintiff they would place her account "on hold" and investigate.

28. On or about May 21, 2010, Plaintiff received another statement from Defendant NCPMG.  This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

29. This statement again stated Plaintiff owed $337.25.  This statement represented the use of an unfair or unconscionable means to collect or attempt to collect a debt because Defendant NCPMG was attempting to collect an amount when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  This action violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).  Because this action violated the language in 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1), Defendant NCPMG violated Cal. Civ. Code 1788.17.

30. On or about May 28, 2010, Plaintiff received yet another statement from Defendant NCPMG.  This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

31. This statement once again stated Plaintiff owed $337.25.  This statement represented the use of an unfair or unconscionable means to collect or attempt to collect a debt because Defendant NCPMG was attempting to collect an amount when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  This action violated 15 U.S.C. § 1692f

1  and 15 U.S.C. § 1692f(1).  Because this action violated the language in 15
2  U.S.C. § 1692f and 15 U.S.C. § 1692f(1), Defendant NCPMG violated Cal.
3  Civ. Code 1788.17.

4  32. Sometime thereafter, but before August 2, 2010, the alleged debt was
5  consigned, placed, or otherwise transferred to Defendant CMRE for collection
6  from Plaintiff.

7  33. On or about August 2, 2011, Defendant CMRE mailed a dunning letter to
8  Plaintiff.

9  34. This action, in an attempt to collect a debt, was a "communication" as that
10  term is defined by 15 U.S.C. § 1692a(2), and an "initial communication"
11  consistent with 15 U.S.C. § 1692g(a).

12  35. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b)
13  defines that phrase, and an "initial communication" consistent with Cal. Civ.
14  Code § 1812.700(b).

15  36. In this letter, Defendant CMRE attempted to collect a principal balance of
16  $337.25, plus interest.

17  37. Through this conduct, Defendant CMRE made a false representation
18  concerning the character, amount, or legal status of a debt.  Consequently,
19  Defendant violated 15 U.S.C. § 1692e(2)(A).  Because this violated certain
20  portions of the federal Fair Debt Collection Practices Act as these portions are
21  incorporated by reference in the Rosenthal Fair Debt Collection Practices Act,
22  through California Civil Code § 1788.17, this conduct or omission violated
23  Cal. Civ. Code § 1788.17.

24  38. Through this conduct, Defendant CMRE also used an unfair or
25  unconscionable means to collect or attempt to collect any debt.  Consequently,
26  Defendant violated 15 U.S.C. § 1692f.  Defendant violated the Rosenthal Act,
27  including Cal. Civil Code § 1788.17 because Defendant CMRE's conduct or
28  omission violated certain portions of Fair Debt Collection Practices Act.

39. Through this conduct, Defendant CMRE was also collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant CMRE violated 15 U.S.C. § 1692f(1). Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

40. On or about August 8, 2010, within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant CMRE in writing, that this alleged debt, or some portion of it, was disputed. Plaintiff also included a copy of the Explanation of Benefits (EOB) she received from her insurance carrier, Aetna, which explained Plaintiff's responsibility was only $57.90.

41. On or about March 21, 2011, a representative from Defendant CMRE called Plaintiff. Defendant CMRE's representative stated that Plaintiff owed approximately $376. The representative further stated that Plaintiff's account had been reported to the credit bureaus and the account would "not be coming off" the credit reports "until [Plaintiff] paid the bill." Plaintiff communicated to Defendant CMRE that she had already disputed the debt and never received validation.

42. By communicating with Plaintiff by mail before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant CMRE violated 15 U.S.C. § 1692g. Because this communication did not comply with 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant CMRE made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant CMRE violated 15 U.S.C. § 1692e(2)(A). Because this violated

certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant CMRE also used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f. Defendant CMRE violated the Rosenthal Act, including Cal. Civil Code § 1788.17 because Defendant CMRE's conduct or omission violated certain portions of Fair Debt Collection Practices Act.

45. Through this conduct, Defendant CMRE was also collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant CMRE violated 15 U.S.C. § 1692f(1). Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

46. Subsequently, Plaintiff obtained a copy of her credit reports and the account that Defendant CMRE had referenced was not listed.

47. Consequently, Defendant CMRE's statement that they had reported Plaintiff's account to the credit bureaus was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant CMRE violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

48. On or about March 24, 2011, Plaintiff wrote Defendant CMRE. Plaintiff again disputed the debt and asked for validation.

49. In response, on or about April 6, 2011, Defendant CMRE wrote Plaintiff a letter. In this letter, Defendant CMRE stated that Plaintiff owed a total of $377.63. Included in this amount, was $40.38 in interest.

50. Through this conduct, Defendant CMRE made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant CMRE violated 15 U.S.C. § 1692e(2)(A). Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

51. Through this conduct, Defendant CMRE also used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant CMRE violated 15 U.S.C. § 1692f. Defendant CMRE violated the Rosenthal Act, including Cal. Civil Code § 1788.17 because Defendant CMRE's conduct or omission violated certain portions of Fair Debt Collection Practices Act.

52. Through this conduct, Defendant CMRE was also collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant CMRE violated 15 U.S.C. § 1692f(1). Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

# COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### AGAINST DEFENDANT CMRE

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant CMRE.

# COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

### AGAINST ALL DEFENDANTS

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

58. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant CMRE;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant CMRE;
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) against all Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) against all Defendants;
- Any and all other relief that the Court deems just and proper.

59. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: 5/19/2011                **MinCal Consumer Law Group**

By: <u>s/Ehson Salaami</u>
Ehson Salaami, Esq.
**Attorney for Plaintiff**
**E-mail: ehson@mincal.com**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Laura H. Hopkins

**DEFENDANTS**
CMRE Financial Servicse, Inc., and North Coast Pathology Medical Group, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Orange**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MinCal Consumer Law Group (888-678-5550)
1630 Copa De Oro Dr., Ste. A, San Diego, CA 92037

Attorneys (If Known)

**'11CV1106 H    CAB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 5/19/2011
SIGNATURE OF ATTORNEY OF RECORD: s/Ehson Salaami

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____